58 CCPA
**Application of James M. STRABALA.**
**Patent Appeal No. 8395.**

United States Court of Customs
and Patent Appeals.
Jan. 14, 1971.

—————♦—————

Homer J. Schneider, Phillip H. Mayer, Chicago, Ill., Donald A. Gardiner, Jr., Arlington, Va., attorneys of record, for appellant; William A. Smith, Jr., Washington, D. C., of counsel.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents; R. V. Lupo, Washington, D. C., of counsel.

Before RICH, ALMOND, BALDWIN, and LANE, Judges, and NEWMAN, Judge, United States Customs Court, sitting by designation.

LANE, Judge.

This appeal is from the decision of the Patent Office Board of Appeals affirming the rejection of claims 1–5 and 7–9 in appellant's application serial No. 392,495, filed August 27, 1964, for Method of Determining Elastic Properties. No claims stand allowed. We conclude that the decision of the board must be affirmed.

Appellant's application relates to geophysical exploration and discloses and claims methods for determining the elastic constants of substances deep within underground formations. More specifically, methods are disclosed for obtaining Poisson's Ratio, Young's Modulus and the shear and bulk moduli of elasticity of subsurface formations for use in ore and petroleum exploration. The claimed methods involve using instruments to record the travel time of generated wave energy over a known distance along the underground formation and to measure the density of the formation, and then *computing* the various elastic constants from such data. The application states that logs of the energy travel time and of the formation density are obtained by "using apparatus and techniques known to the art," and that the invention "lies in the interpretation and application of the logged information."

Claim 1, separated into clauses, reads as follows:

The method of determining the elastic constants of a subsurface formation in situ comprising the steps of

forming a hole through said formation,

recording wave energy travel times in said formation over a known distance along the hole-formation interface,

computing shear wave and compression velocities from said recorded travel times,

measuring the density of said formation,

and computing said elastic constants from said velocities and said density.

Claim 2 adds the step of generating both compression and shear waves in the formation. Claim 3 recites the algebraic relationships to be used in computing the desired constants. Claims 4 and 5 are specific to computing the shear wave velocity. Claim 7 is specific to obtaining the shear modulus while claim 8 is specific to determining the bulk modulus. Claim 9 recites the relationships to be used in computing Young's modulus.

Apparatus for recording wave energy travel time and gamma-gamma logging apparatus "known to the recording art" are shown schematically in the application drawing. Appellant does not claim any specific instruments.

The board affirmed the examiner's rejections of all claims as unpatentable over Geyer et al.[1] in view of Russell[2] and Heiland,[3] under 35 USC 103, and as being drawn to non-statutory subject matter, under 35 USC 101.

Geyer discloses apparatus for obtaining seismic velocity-logging data including shear wave and compression wave travel times in well formations. Russell discloses gamma-ray apparatus for obtaining a density log of well formations. The density log is said to be useful in the interpretation of the seismic wave-transmitting properties of formations. The Heiland publication, entitled *Geophysical Exploration,* teaches the mathematical relationships between Young's modulus, bulk and shear moduli, Poisson's ratio, formation density and compressional and shear wave velocities. Poisson's ratio is the ratio of transverse to longitudinal strain in a material under tension. Young's modulus is the ratio of the tensile stress in a material to the corresponding tensile strain. Such factors are useful in ascertaining the nature of subsurface strata.

The board affirmed the examiner's holding that to use the teachings of Heiland to combine the velocity data obtained by the method of Geyer with the density data obtained by the method of Russell would be obvious to one skilled in the art.

Appellant contends that there is no teaching in Geyer how the shear wave travel time is identified, since the Geyer log shows several wave arrivals after the compression wave arrival which is the first arrival. We find, however, that the Geyer specification specifically describes an illustrative wave-time recording and identifies thereon the arrival of compression waves, water-borne waves, tube waves and the shear waves. Geyer also describes the use of logging instruments to produce logs on which the time difference between shear wave arrivals can be determined by scaling the distance between the arrivals in two bands. The Geyer disclosure is adequate to teach one skilled in the art how to identify the shear wave travel time and velocity. Any differences between the combined disclosures of Geyer, Russell and Heiland and the subject matter defined in the appealed claims are so slight that on the record before us we must conclude that such subject matter would have been obvious to one having ordinary skill in the geophysical exploration arts.

Appellant also contends that the rejection of the appealed claims under 35 USC 101 as being drawn to non-statutory subject matter was unnecessary and obscures the real issue under 35 USC 103. In view of our conclusion that the rejection of the appealed claims under 35 USC 103 must be affirmed, it is unnecessary for us to reach the 35 USC 101 rejection.

Having concluded that the board was correct in sustaining the examiner's rejection of claims 1–5 and 7–9 under 35 USC 103, we affirm.

Affirmed.

1. U. S. Reissue Patent 25,928, issued December 7, 1965.

2. U. S. Patent 2,469,461, issued May 10, 1949.

3. Geophysical Exploration, N. Y., Prentice Hall, 1946, pp. 445–6 and 926–7.